IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

**STATE OF TENNESSEE v. JOSHUA BRYAN JOHNSON**

**Appeal from the Circuit Court for Montgomery County**
**Nos. CC18-CR-10, CC16-CR-391, CC-15-CR-1130  William R. Goodman, III,**
**Judge**

_____

**No. M2019-00943-CCA-R3-CD**

_____

After pleading guilty to several offenses, Defendant, Joshua Bryan Johnson, received an effective eight-year sentence to be served on probation.  A violation of probation warrant was issued and the trial court fully revoked his probation after a hearing.  Defendant filed a timely notice of appeal.  After the notice of appeal was filed, Defendant filed a motion pursuant to Rule 35 of the Tennessee Rules of Appellate Procedure asking the trial court to modify his sentence to provide for inpatient rehabilitation.  The trial court held a hearing on the motion and denied relief.  Defendant filed an additional notice of appeal and this Court consolidated the appeals.  After a review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Jay Umerley (on appeal), Nashville, Tennessee, and Crystal Myers (at violation hearing) and Kenneth Merriweather (at motions hearing), Clarksville, Tennessee, for the appellant, Joshua Bryan Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Lee Willoughby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

From the scant record on appeal, we have ascertained that in mid-October of 2018, Defendant pled guilty to possession of methamphetamine with the intent to manufacture, deliver, or sell in case number 18-CR-10; burglary other than a habitation in case number 16-CR-391; and vandalism in case number 15-CR-1130. For these offenses he received concurrent sentences of eight years, four years, and eleven months and twenty-nine days, respectively. The judgment forms for these convictions do not appear in the technical record. However, from other documents that appear in the technical record, we have gleaned that Defendant's sentences were suspended to probation for a period of eight years.[1]

In January of 2019, an affidavit was filed alleging that Defendant violated the terms of his probation by: (1) failing to notify his probation officer of a change of residence; (2) failing to report to his probation officer as required; (3) and testing positive for amphetamine, methamphetamine, cocaine, codeine, and morphine. In April of 2019, an amended probation violation report was filed indicating that Defendant had a "new arrest" on March 6, 2019, for theft of property, shoplifting, and a "[m]ethamphetamine violation." As a result of the new arrest, an amended probation violation warrant was issued to include the allegation that Defendant had failed to "obey the laws of the United States" by getting arrested on the new charges.

The trial court held a hearing on the probation violation. At the hearing, the State introduced certified judgments for Defendant's new convictions for joy riding and shoplifting. For each conviction, Defendant received a sentence of forty days and received credit for forty days served.

Briana Byers testified that she supervised Defendant's probation. She explained that Defendant reported to probation one time, on October 25, 2018. That same day, Defendant tested positive for amphetamines, methamphetamines, cocaine, codeine, and morphine. Ms. Byers conducted a home visit to an address provided by Defendant on West Belair Boulevard and was told by Defendant's step-sister that he did not live at the residence.

Defendant testified that when he was not incarcerated, he lived at his mother's house on West Belair Boulevard but that he was not at the residence when his probation officer visited in October "because [his] mother was in jail during that time" and Defendant did not get along with his step-father. Defendant explained that he "was staying at [his] aunt's house" when his probation officer visited. Defendant claimed that

---

[1] The violation of probation affidavit actually lists the period of probation as ten years. However, in the transcript of the hearing on the violation, counsel for the State explained that it is an eight-year probationary sentence.

he attempted to notify his probation officer that he had "nowhere to stay" and that he was not staying at his mother's house.

Defendant admitted that he "pretty well realized" there was a warrant for his arrest about a month after he stopped reporting but when his mother got diagnosed with cancer in January he tried to stay out of jail "as long as [he] could."

Defendant explained that he would live at his mother's home if he were released from jail but that, at the time of the hearing, his mother was suffering from "stage IV terminal bone cancer." Defendant's mother was released from jail after her diagnosis and Defendant took his mother to and from Vanderbilt for chemotherapy prior to his arrest. At the time of the hearing, doctors "stopped the chemo" because it was not working. Defendant's mother spent some time "on hospice." Defendant explained that if something happened to his mother he would go to Safe Harbor Rehabilitation. Defendant had "already spoke[n] to rehab and got an acceptance letter."

Defendant explained to the trial court that he was thirty-three years of age and had been using drugs since he was fifteen years old. Defendant reported that he had never been in a treatment program but that he had been "in-and-out of jail [his] whole life." Defendant asked the trial court that he be allowed "to go spend some time with his mom." He explained that as soon as his mother passed away he would turn himself in to Safe Harbor Rehabilitation for six months. Defendant admitted to the trial court that his "track record [wa]s not good" and that he had been given "a lot of chances." Defendant made a promise to the trial court that if given the chance he would "go to this program and finish it for [the trial court], for [his] mom, and for [himself]."

At the conclusion of the hearing, the trial court commented that it was "an understatement to say that it's a bad situation with [Defendant's] mother." However, the trial court noted Defendant had a "significant" criminal history as well as a history of failing to report and failing to show up in court. The trial court found that the court had "probably been too easy on [Defendant]" in the past. The trial court stated that there was no "other choice" but to revoke Defendant's probation and order him to serve his sentence. The trial court issued an order on May 13, 2019, finding Defendant in violation of probation and ordering full revocation of his probation. Defendant received 69 days of jail credit. Defendant filed a notice of appeal in the trial court on May 20, 2019. The trial court notified Defendant that he should file the notice of appeal in this Court. Defendant filed a timely notice of appeal on June 3, 2019.

On May 20, 2019, Defendant filed a pro se Motion for Approval to Furlough to Rehab. In the motion, he explained that he had a bed reserved at Safe Harbor Rehabilitation Center in Memphis and requested the trial court grant him a furlough to

enter the program at that facility. On July 15, 2019, Defendant filed a motion to modify his sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. The trial court held a hearing on the motions. At this hearing, counsel for Defendant acknowledged that the motion for furlough was moot because Defendant was currently incarcerated in the Tennessee Department of Correction. Defendant testified that the reason for filing the motion was "[t]o try to get to go to rehab." Defendant admitted that he was under the influence of both methamphetamines and opiates at the time he was arrested on the charges which eventually led to the violation of probation. Defendant claimed that he discussed rehab with his probation officer and "already [had] a bed . . . at the Hope Center Rehab" but that he needed the approval of his probation officer to go. Defendant admitted that he did not inform the trial court of this information during his violation hearing because his "lawyer told [him] . . . [not] to put the blame on [his] probation officer." Defendant had also been accepted to Safe Harbor Rehabilitation in Memphis.

Defendant explained that he tried to get into a drug program with the Department of Correction but explained that he was not "tapped" for any programs because he was not parole mandated so there would be no programs available for him while in custody of the Department of Correction. Defendant admitted on cross-examination that he had a criminal history dating back to 2011 and explained that "all" of his criminal history was "due to his drug problem." Defendant admitted that he was given leniency on multiple charges when he testified for the State in a murder trial and that he failed on probation.

At the conclusion of the hearing the trial court noted that it was good that Defendant "recognized that perhaps he needs help" but was concerned that Defendant was "given probation" and only made the decision to attempt rehab when he was in the custody of the Department of Correction. The trial court noted that Defendant had the opportunity for rehab while he was out of prison and chose not to go. At this point, the trial court determined that it was "just a little late" and denied the motion.

Defendant filed a second notice of appeal from the denial of relief under Rule 35 on October 28, 2019. On October 30, 2019, this Court entered an order consolidating the two appeals. It is from the revocation of probation and the denial of the Rule 35 motion that Defendant now appeals.

*Analysis*

On appeal, Defendant "does not challenge the revocation of probation, but asserts that the trial court erred by enforcing the sentence and not allowing him to enter a rehab facility." The State contends that Defendant has waived his issue on appeal by failing to

- 4 -

cite to relevant legal authority and by failing to appeal the denial of the motion under Rule 35. Moreover, the State insists that the trial court did not abuse its discretion.

At the outset, we are compelled to note that Defendant did not, as the State suggests, fail to file a notice of appeal with regard to the denial of his Rule 35 motion. As noted above, Defendant filed a notice of appeal after the trial court revoked his probation and filed a separate notice of appeal after the trial court denied his motion pursuant to Rule 35. This Court consolidated the two appeals.

However, we agree with the State's assessment that Defendant waived his issues on appeal by failing to support his argument with citation to authority. Time and again we have cautioned that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived" in the appellate court. Tenn. Ct. Crim. App. R. 10(b); *see also* Tenn. R. App. P. 27(a)(7)( (a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons, therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relief on"). Defendant's entire brief contains three citations appearing in footnotes in the Statement of the Case section of the brief. Of these three citations, only one, a citation to *State v. Bise*, 380 S.W.3d 682, 707-08 (Tenn. 2012), is relevant to Defendant's argument on appeal. Defendant's issues are waived.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE